# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THERESA PARRISH,

        Plaintiff,

v.

                                                  No. CIV 1:20-cv-01055

CITY OF ALBUQUERQUE, CITY OF
ALBUQUERQUE AVIATION DEPARTMENT,
ALBUQUERQUE INTERNATIONAL SUNPORT,
DELTA AIRLINES, INC., INDIVIDUAL DOES 1-5,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Opposed Motion for Remand, filed on November 6, 2020. (Doc. 13.) Defendants removed this action to federal court believing the Montreal Convention[1] ("the Convention") completely preempts Plaintiff's state law claims, and therefore, vests the Court with federal-question jurisdiction. Plaintiff counters, however, that remand is appropriate because the Convention does not completely preempt state law and operates only as an affirmative defense to claims that fall within its scope. Having considered the submissions of counsel and relevant law, the Court will grant Plaintiff's Motion for Remand.

---

[1] The Montreal Convention replaced the Warsaw Convention as the treaty governing international air carrier liability. *See Polanksi v. KLM Royal Dutch Airlines*, 378 F. Supp. 2d 1222, 1227 (S.D. Cal. 2005). The Convention "was the product of a United Nations effort to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists." *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 680 (7th Cir. 2008) (quotation and quotation marks omitted).

## I. Statement of Facts

Plaintiff Teresa Parrish booked a Delta Airlines flight from Albuquerque, New Mexico to Canada to visit her father; the flight was scheduled to depart on September 6, 2018, from Albuquerque International Sunport. (Doc. 1-1 at 4.) Though Plaintiff can walk, while at the airport she required wheelchair assistance, which Delta Airlines provided for her at the check-in counter. (*Id*. at 4–5.) After checking in, an attendant assisted Plaintiff to her gate but did not remain with her once there. (*Id*.) While waiting, Plaintiff stood to stretch, then sat back down. (*Id*. at 5.) When it was time for Plaintiff to board, she asked for assistance. Unfortunately, Delta Airlines did not have an adequate number of employees present to assist those in need and advised customers to board on their own. (*Id*.) Because Delta Airline employees saw Plaintiff stand earlier, she was told to board without assistance. (*Id*.) Seeking to comply, Plaintiff attempted to push her wheelchair down the descending jet-bridge, like a walker. (*Id*. at 6.) As she proceeded down the jet-bridge, Plaintiff began to lose control of the wheelchair, and it pulled away from her. (*Id*.) Because of her physical limitations, Plaintiff was unable to regain control of the wheelchair and fell to the ground. (*Id*.) Plaintiff received no assistance from Delta Airlines during this incident. (*Id*.)

## II. Legal Standards

### A. Law Regarding Removal and Remand

"If a civil action filed in state court satisfies the requirements for original federal jurisdiction—meaning, most commonly, federal-question or diversity jurisdiction—the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court 'embracing the place where such action is pending.'" *McDaniel v. Loya*, 304 F.R.D. 617, 623 (D.N.M. 2015) (quoting 28 U.S.C. § 1441(a)) (subsequent citations omitted). "Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking

removal must overcome." *Id.* at 625 (citations omitted). "The defendant seeking removal must establish that" removal "is proper 'by a preponderance of the evidence.'" *Id.* (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (subsequent citations omitted)); *see also Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "All doubts are to be resolved against removal." *Id.* (quoting *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (alteration in original)).

### B. Law Regarding Federal Question Jurisdiction

"A federal district court has 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Williams v. Bd. of Regents of Univ. of N.M.*, 990 F. Supp. 2d 1121, 1131 (D.N.M. 2014) (quoting 28 U.S.C. § 1331). "A case originally filed in state court may be removed to federal court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (citing 28 U.S.C. § 1441(a))). This type of jurisdiction is called federal question jurisdiction. *See* 28 U.S.C. § 1331.

"Federal question jurisdiction exists when 'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Williams*, 990 F. Supp. 2d at 1131 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "As 'the master of the claim,' the plaintiff may choose to sue in state court rather than in federal court 'by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar, Inc.*, 482 U.S. at 392). "'[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be

litigated." *Id.* at 1132 (quoting *Caterpillar, Inc.*, 482 U.S. at 399) (noting that a defendant may not remove a case "to federal court on the basis of a federal defense").

### C. Law Regarding Preemption

"There is, however, an independent corollary to the well-pleaded complaint rule known as the complete [preemption] doctrine." *Rocha v. Am. Jets, Inc.*, No. 14-60842-CIV, 2014 WL 12626317, at *2 (S.D. Fla. Nov. 17, 2014) (quoting *Caterpillar, Inc.*, 482 U.S. at 393) (quotation marks omitted). "A statute may have such 'extraordinary' preemptive force that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Therefore, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Dutcher v. Matheson*, 733 F.3d 980, 986 (10th Cir. 2013) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)) (quotation marks omitted). "That said, '[c]omplete preemption is . . . quite rare.'" *Id*. (quoting *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012)). The Supreme Court of the United States "has recognized only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force," *Hansen*, 641 F.3d at 1221, such as § 301 of the Labor Management Relations Act; § 502(a) of the Employee Retirement Income Security Act of 1974; and §§ 85 and 86 of the National Bank Act.

**III. The Court will grant the motion to remand.**

    **A.**    **The Convention does not completely preempt the state law claims.**[2]

The Convention is a treaty, which "provides that an air carrier may be liable on claims for bodily injury to a passenger of an international flight if the accident . . . took place on board the aircraft or in the course of any of the operations of embarking or disembarking." *Safa v. Deutsche Lufthansa Aktiengesellschaft, Inc.*, 42 F. Supp. 3d 436, 441 (E.D.N.Y. 2014), *aff'd*, 621 F. App'x 82 (2d Cir. 2015) (quotations and quotation marks omitted). Here, Defendants contend that Plaintiff's state law claims are completely preempted by the Convention, and therefore give this Court original jurisdiction under 28 U.S.C. § 1331, because the alleged injuries occurred while boarding an international flight between two of the Convention's signatory countries. (Doc. 15 at 1.) However, case law is divided on whether complete preemption applies to the Convention. *Rocha*, 2014 WL 12626317 at *2. Though Defendants do not cite any Tenth Circuit cases addressing this issue,[3] they rely heavily on *El Al Israel Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999), which concluded that "'recovery for a personal injury suffered on board [an] aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all.'" *Rocha*, 2014 WL 12626317 at *2 (quoting *Tseng*, 525 U.S. at 161). Defendants' reliance on *Tseng* is ill founded, though, because it "conflates conflict and complete preemption, the former providing merely an affirmative defense and the latter a basis for removal." *Rocha*, 2014 WL 12626317 at *2. *Tseng* held that the Warsaw Convention precluded

---

[2] Within this section, the Court follows the reasoning of *Rocha v. Am. Jets, Inc.*, No. 14-60842-CIV, 2014 WL 12626317 (S.D. Fla. Nov. 17, 2014).

[3] Defendants argue that *Burnett v. Trans World Airlines, Inc.*, 368 F. Supp. 1152 (D.N.M. 1973) is controlling on this issue. (Doc. 15 at 10–11.) The *Burnett* decision, however, simply held that the language of the convention is construed according to federal, and not state, law.

passengers from bringing personal injury claims when those claims did not meet the conditions for liability under the Warsaw Convention. *Id.* (discussing *Tseng*, 525 U.S. at 176). As such, *Tseng*, along with several other cases Defendants cite, are inapplicable to the question presented, which is whether the Court enjoys jurisdiction over the complaint. Therefore, without controlling authority on this issue, the Court must look to the language of the treaty to determine if complete preemption applies in this context.

To interpret the Convention, the Court looks to its language and interprets it according to its plain meaning. *See Armijo v. FedEx Ground Package Sys., Inc.*, 285 F. Supp. 3d 1209, 1214 (D.N.M. 2018); s*ee also Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it . . . .") If the language is plain and clear, "the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Caminetti*, 242 U.S. at 485.

Here, reading the plain language of the Convention shows that the state law claims cannot be completely preempted. Article 29 of the Convention states:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, *whether under this Convention or in contract or in tort or otherwise*, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

Convention for the Unification of Certain Rules for International Carriage by Air, art. 29, May 28, 1999, 2242 U.N.T.S. 309 (emphasis added). While the language seems to create a cause of action under the Convention—referring to an action for damages "under this Convention"—this language is immediately proceeded by the conjunction "or." "Or" is "used as a function word to indicate an alternative." *Or*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/

6

or (last visited May 4, 2021). Consequently, one would logically assume that the alternative to a cause of action for damages "under [the] Convention" would be a cause of action for damages outside of the Convention. *See DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 603 (D.N.J. 2014) (stating that courts have interpreted this language to "expressly contemplate[] the application of the Convention's limits to all types of cases within its scope—whether directly brought under the Convention or under state/local tort or contract law"). And if the Convention was read to require complete preemption, the words "or in contract or in tort or otherwise" would be rendered worthless and no alternative would be available. Writings should not be construed in a way that renders phrases meaningless, redundant, or superfluous. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (it is a "cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant") (quotation and quotation marks omitted). Therefore, the text suggests that the Convention does not completely preempt all state law claims but operates only as an affirmative defense. *See DeJoseph*, 18 F. Supp. 3d at 603. Moreover, this reading of the text also comports with the majority approach and holds that the Convention does not provide a basis for removal under the doctrine of complete preemption. *See Rocha*, 2014 WL 12626317 at *3 (collecting cases); *see also Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 231 (D. Mass. 2019) (noting the split of decisions). Because Plaintiff's claims are brought under state law, not the Convention, the Court will remand the case.

**IV.      Conclusion**

In the absence of Tenth Circuit authority, and in accordance with the plain meaning of the Convention's text, the Court follows the approach adopted by a majority of federal courts and concludes that the Montreal Convention does not completely preempt Plaintiff's state law claims.

7

Therefore, because Plaintiff only alleges state law claims, the Court finds that Defendants have failed to establish that federal question jurisdiction exists. *See Jensen v. Virgin Atl.*, No. 12-CV-06227 YGR, 2013 WL 1207962, at *3 (N.D. Cal. Mar. 25, 2013) (remanding where plaintiff's complaint alleged only state law causes of action).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 13) is **GRANTED** and the case is **REMANDED** to state court.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**